## VICTOR MONTILLY *v.* HIS CREDITORS.

Where the funds of an insolvent estate have remained on deposit in a Bank, in which they were placed by the syndic in pursuance of law, any loss resulting from the depreciation of the notes of the bank, must be borne by the creditors; but where the funds so deposited were withdrawn by the syndic, without any order of court, when the notes of the bank were *at par*, and were re-deposited when depreciated, he will be made to account to the creditors for the value of the notes at *par*. He should have left the funds on deposit, until ordered to pay them out. Act of 13 March, 1837.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Pilié;* for the plaintiff in the rule.

*Grivot & Castera,* for the appellants.

MORPHY, J. On a suggestion being made to the court below that R. A. Lefebvre, syndic of the creditors of Victor Montilly, had refused to comply with a decree of the said court, adjudging $1250 to one François Roubieu as a privileged creditor, a rule was issued against the said syndic, and Joseph Perillat his surety, to show cause why they should not be condemned to pay to the said F. Roubieu the said sum of $1250, in legal currency, or in default thereof, why a writ of execution should not be forthwith issued against them both *in solido.*

The defendants in the rule answered, that it was taken for the purpose of vexing and harassing them; as the said F. Roubieu well knew that the funds of the estate of Montilly, received by the syndic, were deposited in the Improvement Bank according to law, at a time when it was considered good and solvent, and that without any fault on his part, and when the public least expected it, the said bank stopped payment. They further allege that they have always been ready and willing to pay said Roubieu in a check on the bank, which has been refused. They pray for a dismissal of the rule at Roubieu's costs; and that he be ordered to receive the syndic's check on the Improvement Bank, for the amount coming to him. The rule having been made absolute, the defendants appealed.

Whether a rule on the syndic and his surety, to show cause,

was the proper proceeding or not, to render them liable *de bonis propriis*, we are not now to inquire, as no objection to it was made below, and both the syndic and his surety joined issue on the merits of the rule.

The evidence shows that in January, 1842 there was a sum of $1434,97 belonging to the estate, in the Improvement Bank; that, without any order of court, this amount was withdrawn by the syndic by two checks, one of the 22d of January, for $800, and the other of the 28th of the same month, for $634,97; that when the funds were thus withdrawn the Improvement Bank notes were current and received by the other banks; and that after the 21st of February following, and when the notes were at a large discount, and were refused by all the other banks, the syndic made a special deposit in the bank of its own notes. It has not been satisfactorily shown that the funds thus withdrawn by the syndic remained in his hands, and were the same as were re-deposited some time after, when the notes had considerably fallen in value. It further appears that R. A. Lefebvre had an account in the bank, kept in the name of R. A. Lefebvre & Co. Under such circumstances, we cannot say that the court below erred in the conclusion to which they arrived. Had the funds of the estate remained in deposit at the bank, their depreciation would have been a loss to be borne by the creditors, and Roubieu could hardly have refused to receive a check in payment. But the syndic having withdrawn these funds when they were current in all the banks, and when, therefore, he could use them to as much advantage as a legal currency, he cannot complain if he is now made to account with the appellee for the par value of the notes. He should not be permitted to profit by his own wrong. It was his duty to have the funds of the estate deposited in the bank until he was ordered to pay them over. B & C. Dig. p. 498.

*Judgment affirmed.*